## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ESMOND L. SANFORD, # 32269,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-592-MJR** |
| | ) | |
| **MADISON COUNTY JAIL STAFF,** | ) | |
| **MADISON COUNTY MEDICAL UNIT,** | ) | |
| **and MADISON COUNTY, ILLINOIS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court for case management purposes.  On May 19, 2014, Plaintiff, who is confined at the Madison County Jail, filed a civil rights complaint against the above Defendants, which was opened as *Sanford v. Madison County Jail Staff, et al.*, Case No. 14-cv-566-MJR and randomly assigned to the undersigned Judge.  That complaint included claims that Plaintiff may have been exposed to Hepatitis C from another prisoner, his medication has been passed out by jail officers without supervision by medical professionals, he was denied access to the law library, he was denied recreational time and religious services, and the conditions in the jail were substandard in a number of ways (Doc. 1 in Case No. 14-cv-566-MJR).  That complaint is undergoing preliminary merits review pursuant to 28 U.S.C. § 1915A.

Three days later, on May 22, 2014, the Clerk received a second complaint from Plaintiff, which was filed as *Sanford v. Madison County Jail Staff, et al.*, Case No. 14-cv-592-MJR, and was again randomly assigned to the undersigned Judge.  The second complaint raises essentially the same claims as in the earlier-filed action, but the two complaints are not identical.

The major difference is that in the second complaint, Plaintiff claims that jail staff interfered with his mail and failed to send in the first complaint (Doc. 1, pp. 6-7).  However, the first complaint did indeed reach its destination.

A reading of both complaints shows that Plaintiff did not intend to file two separate actions, but instead mailed the second complaint in an attempt to make sure that his lawsuit would be filed.  Accordingly, in the interest of judicial economy, the two cases shall be consolidated into one action, and this later-filed case shall be closed without the assessment of a second filing fee.

Plaintiff shall be mailed a copy of the Court's merits review order in Case No. 14-cv-566-MJR as soon as that review has been completed.

**Disposition**

**IT IS HEREBY ORDERED** that Case No. 14-cv-592-MJR is consolidated with Case No. 14-cv-566-MJR, and all claims shall proceed in the earlier-filed action (Case No. 14-cv-566-MJR).  The Clerk is **DIRECTED** to administratively close this case (No. 14-cv-592-MJR).  All pending motions in Case No. 14-cv-592-MJR are **TERMINATED AS MOOT.**

Because Plaintiff's claims shall proceed under **Case No. 14-cv-566-MJR**, Plaintiff **SHALL FILE** all future motions, pleadings, and other documents under Case No. 14-cv-566-MJR only.

Plaintiff shall not be charged a filing fee in this closed case.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing (with reference to Case No. 14-cv-566-MJR) and not later than **7 days** after a transfer or other change in address occurs.

Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of Plaintiff's claims for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 12, 2014**

s/ MICHAEL J. REAGAN
United States District Judge